IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3099-D

| | |
|---|---|
| DAVID RICHARD WALKER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HANS J. MILLER, )<br>)<br>Defendant. ) | **ORDER** |

On April 30, 2015, David Richard Walker, Jr. ("plaintiff" or "Walker"), a pretrial detainee proceeding pro se, filed a complaint under 42 U.S.C. § 1983. Compl. [D.E. 1]. Walker proceeds in forma pauperis. [D.E. 2, 8]. Walker filed a motion for appointment of counsel [D.E. 7], but has since moved to withdraw this request [D.E. 11]. Walker also demands a jury trial [D.E. 10]. Walker has submitted several supplements to his complaint [D.E. 9, 11-1]. As explained below, the court reviews all of Walker's filings and dismisses the action as frivolous. See 28 U.S.C. § 1915A.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). The Supreme Court's holding in Erickson v. Pardus, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

To make out a prima facie case that conditions violate either the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment,[1] "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted);

---

[1] Walker's legal status during the time alleged in his complaint is unclear. Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992).

2

see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious . . . ." Strickler, 989 F.2d at 1379 (emphasis omitted) (quotation omitted). The second showing "requires [the court] to determine whether subjectively the officials acted with a sufficiently culpable state of mind." Id. (alteration, emphasis, and quotation omitted).

To satisfy the subjective prong, a plaintiff must prove that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "While . . . deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when he "actually know[s] of and disregard[s] an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 836–38; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cty., 528 F.3d 199, 206 (4th Cir. 2008).

Essentially, Walker alleges that jail officials violated his constitutional rights by continuing to detain him after the expiration of his criminal sentence. On January 16, 2009, Walker was arrested in Moore County, and while in the Moore County jail, "Onslow County served a warrant for [a]rrest on the plaintiff and the plaintiff served a 22 month time frame [i]n between Moore County's and Onslow County's detention centers." Compl. 6; see also [D.E. 11-1] 14 (indicating an "incident date" of January 15, 2009 and a "warrant served for Onslow County"). On April 13, 2009, in Moore County Superior Court, Walker was indicted for being a habitual felon. See [D.E. 11-1] 16–17. Walker also had a pending charge in Moore County Superior Court of felony fleeing to elude arrest. See id. 14.

3

Walker alleges that on October 27, 2010,[2] "the Onslow County Superior Court . . . g[a]ve[] the plaintiff 22 months jail cr[edi]t and a sent[e]nce of 'time-served' and[ ] state[d] that 'the plaintiff will be released today' for the 22 months time served." Compl. 6; cf. [D.E. 11-1] 14–16 (indicating an October 27, 2010 disposition of numerous charges in Onslow County Superior Court by either guilty plea or dismissal by district attorney and sentence credit of 282 days). Walker remained in custody following his court appearance, and contends that "from October 27, 2010 till December 7, 2011 the plaintiff was wrongfully and unlawfully incarcerated or imprisoned." Compl. 8.

Upon Walker's return to the Onslow County Detention Center from court, jail staff informed Walker that he "can not be released and . . . is going to be sent to a state prison for the remaining time because their computer only shows for 3½ months jail cre[dit] and . . . they have 'commitment papers' showing he must serve [the remainder of his sentence] in a state prison." Id. 6. Walker "immediately" informed jail staff that he should be released, and a lieutenant "made an attempt to resolve the issue by contacting [Walker's] [l]awyer on the [ ]criminal[ ] case." Id. 7. The attorney informed the lieutenant that Walker "was not suppose[d] to go to p[ri]son" and indicated that he would "speak to the Clerk of Court to resolve the mix-up or mistake." Id. When the lieutenant did not hear back from the defense attorney, the lieutenant contacted the court clerk who reviewed Walker's case file and indicated that the commitment papers were correct. Id. 7–8. The lieutenant assured Walker that he would continue to "try to help and resolve the matter." Id. 8.

Upon his transfer to a state prison, Walker filed a grievance concerning his custody status, and prison officials informed him that "they have checked into it and contacted the Clerk of Court

---

[2] Although Walker's complaint initially alleges that the court date occurred on October 27, 2011, it appears he inadvertently used an incorrect date. Compare Compl. 6–7 (alleging court date occurred on October 27, 2011) with id. 4, 8–10 (alleging court date occurred on October 27, 2010).

and stated all is correct on their side and the Clerk of Courts states the same." Id. Walker received similar responses when he contacted the clerk of court himself. Id. From December 9, 2010, to November 9, 2012, Walker "was hospitalized for mental and medical conditions at Central Regional Hospital in Bu[t]ner, North Carolina." Id. 12. On February 22, 2012, Walker's pending criminal charges in Moore County were dismissed with prejudice based on his mental incompetency. See [D.E. 11-1] 14, 17. Walker names the Onslow County Sheriff as the sole defendant, and seeks "$444.00 a day for medical, and mental a[ngu]ish, los[s] of job, family, and career oppor[]tun[i]ties, worsen[ing] of medical and mental conditions, and los[s] of society, legal, and constitutional rights[,]" in addition to "[l]ost wages of $14.00 per hour at 72 hours a week of missed work-man's compen[sa]tion for missed work opportunities." Compl. 1, 13.

Like other detainees who raise Due Process or Eighth Amendment challenges to their confinement conditions, Walker must show that jail officials acted with deliberate indifference. "[T]he Due Process Clause of the Fourteenth Amendment guarantees to individuals the right to be free from excessive continued detention after a jail or prison ceases to have a legal right to detain the individual." Powell v. Sheriff, Fulton Cnty. Ga., 511 F. App'x 957, 960 (11th Cir. 2013); see Golson v. Dep't of Corr., 914 F.2d 1491, 1990 WL 141470, at *1 (4th Cir. 1990) (per curiam) (unpublished table decision); Coker v. Bodiford, Civil Action No. 4:10-00249-HFF-TER, 2010 WL 4392567, at *2 (D.S.C. Oct. 29, 2010) (unpublished); Holder v. Town of Newton, 638 F. Supp. 2d 150, 153–55 (D.N.H. 2009) (collecting cases). It is not enough, however, for Walker to assert that he should have been released. Rather, he must plausibly allege facts showing that a named defendant "acted with deliberate indifference" as to his improper detention. Powell, 511 F. App'x at 961 (quotation omitted); see, e.g., Harris v. Payne, 254 F. App'x 410, 420–21 (5th Cir. 2007) (per curiam) (unpublished); Golson, 1990 WL 141470, at *1; Coker, 2010 WL 4392567 at *2–3.

5

Specifically, he must plausibly allege that a jail or prison official actually knew of and disregarded a serious risk that he was being improperly detained.[3]

Walker has failed to state a claim. He does not plausibly allege that any jail or prison official was deliberately indifferent to his belief that he should be released or somehow prevented his release. Indeed, Walker's own allegations demonstrate that jail and prison officers actively investigated his claims and believed that they were required to keep him in custody. Moreover, Walker does not explain why the additional pending charges did not authorize officials to keep him in custody. "Whatever claims this situation might give rise to under state tort law, . . . it gives rise to no claim under the United States Constitution." Baker v. McCollan, 443 U.S. 137, 144 (1979); see, e.g., Brooks, 84 F.3d at 169. Thus, the court dismisses the claim.

In sum, the court GRANTS plaintiff's motion to withdraw his request for appointed counsel [D.E. 11], DENIES AS MOOT plaintiff's motions for appointed counsel and a jury trial [D.E. 7, 10], and DISMISSES this action as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case.

SO ORDERED. This 6 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

---

[3] To the extent Walker believes that any court employee caused his continued detention, these potential defendants are immune from suit. See, e.g., Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Briscoe v. LaHue, 460 U.S. 325, 334–35 (1983); Pierson v. Ray, 386 U.S. 547, 553–54 (1967); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002); Brooks v. George Cty., 84 F.3d 157, 167–69 (5th Cir. 1996); Wiley v. Buncombe Cty., 846 F. Supp. 2d 480, 485 (W.D.N.C. 2012), aff'd, 474 F. App'x 285, 286 (4th Cir. 2012) (per curiam) (unpublished).